## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNATHAN PARKER and JAMIE PARKER, husband and wife, | : : : | |
| Plaintiffs | : | NO. 2:25-CV-07142 |
| v. | : : | CIVIL ACTION – LAW |
| AMERICAN VAN LINES, INC. | : | |
| Defendant | : : | |

## COMPLAINT

**AND NOW**, comes the Plaintiffs, Johnathan and Jamie Parker, by and through their attorneys Johnson Duffie, and file this Complaint and in support thereof avers as follows:

## STATEMENT OF JURISDICTION

1. This Honorable Court has federal question jurisdiction under 28 U.S.C. § 1331, 49 U.S.C. § 14706), and 49 C.F.R. Part 375, et. seq.

2. The Court has supplemental jurisdiction over Plaintiffs' related state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 49 U.S.C. § 14706(d)(2) and 28 U.S.C. § 1391(b) because a substantial part of the events and damages occurred within this District, including the final delivery and discovery of property damage.

## PARTIES

4. Plaintiffs Jamie and Johnathan Parker ("the Parkers") are adult individuals residing at 1523 Jays Run, Fogelsville, Lehigh County, Pennsylvania 18051.

5. Defendant American Van Lines, Inc. is a for-profit Florida corporation, with its principal place of business located at 1351 NW 22nd Street, Pompano Beach, Florida

33069. Defendant is engaged in the business of interstate household goods transportation as a motor carrier.

6. Defendant conducts business in Pennsylvania, advertises moving services to Pennsylvania residents, and transported the Parkers' goods into Pennsylvania as part of the transaction at issue.

## FACTUAL BACKGROUND

7. This is a civil action arising from Defendant American Van Lines, Inc.'s ("Defendant" or "AVL") repeated acts of negligence, breach of contract, and violation of federal and state consumer protection laws during the interstate transport of Plaintiffs Jamie and Johnathan Parker's household goods from Gilbert, Arizona to Fogelsville, Pennsylvania.

8. On or about February 20, 2025, Plaintiffs entered into an Estimated Cost of Service with Defendant for the interstate transport of their household goods. See Estimated Cost of Service attached hereto as **Exhibit A**. The total cost of the estimate was $9,567.12, with an additional $2,502.47 for added insurance, totaling $12,069.59.

9. Defendant represented that it would provide professional, timely, and insured relocation services, including proper pickup, inventorying, transportation, and delivery of all household goods.

10. According to estimates and email correspondence with American Van Lines, the scheduled pick-up was arranged between March 24, 2025, and March 26, 2025, from 9:00-11:00 am. See **Exhibit A** and March 14, 2025, email from AVL attached hereto as **Exhibit B**.

11. On March 26, 2025, the movers contacted the Parkers directly at 1:00 pm, citing unforeseen truck issues, and failed to arrive until 9:00 pm, outside the agreed-upon timeframe. See March 26, 2025, email to AVL attached hereto as **Exhibit C**.

12. Defendant's truck was insufficient in size to complete the move from Plaintiffs' 4,200 sq. ft. home, forcing a return the following morning with additional crew. The Defendants did not complete initial pick up until approximately 11:00 a.m. on March 27, 2025 – past the scheduled move date – with four additional crew members arriving at 7:00 a.m. to complete the job. In the interim, many of the goods were left outside overnight, resulting in damage and loss.

13. No written inventory was provided to the Parkers before loading.

14. The delay caused Plaintiffs to forfeit a $1,000.00 deposit owed to their home's purchasers under a Post-Possession Agreement, as the home was not vacated in time. See Post-Possession Agreement attached hereto as **Exhibit D**.

15. Plaintiffs entered into said Agreement in reliance on AVL's representations of timeliness.

16. The pickup was not substantially completed as communicated, and many items were left behind to be stored with neighbors until further pickup.

17. The initial set of goods was delivered on or about April 4, 2025. Defendant further failed to provide a Bill of Lading for the first delivery, and Plaintiffs discovered substantial property damage upon unpacking, including broken furniture, missing items, and soiled textiles. See Photos of Damaged Goods attached hereto as **Exhibit E**.

18. As discussed, Defendant required a second pickup for remaining items, which was scheduled between April 16–18, 2025.

19. On April 11, 2025, an American Van Lines representative provided updated dispatch information, scheduling the pick-up window for the remaining items between April 16 and April 18, 2025. See April 11, 2025 email from AVL attached hereto as **Exhibit F**.

20. On April 15, 2025, the same representative confirmed that the pick-up was scheduled for the following day, April 16, 2025, between 8:00 am and 9:00 am. See April 15, 2025 email from AVL attached hereto as **Exhibit G**.

21. A mover from AVL did not arrive at the neighbor's property in Arizona where the remaining items were being stored until 10:30 am on April 16, 2025, past the predicted window, and it was a single driver tasked with loading everything.

22. This driver refused to collect all the items, declined to provide an inventory of the goods to be picked up, and exhibited hostile behavior toward those present at the site. As a result, several items were left behind- again.

23. Continuing with the pattern, on April 22, 2025, the American Van Lines representative informed the Parkers that the delivery of the second load of items was forecasted to occur between April 25-April 26, 2025. See April 22, 2025 email from AVL attached hereto as **Exhibit H**.

24. Two days later, on April 24, 2025, the same representative updated the delivery forecast to April 27, 2025, between 2:00-6:00 pm. See April 24, 2025 email from AVL attached hereto as **Exhibit I**.

25. The second delivery did not occur until April 28, 2025, with the delivery process commencing at approximately 9:00 pm on April 27, 205 and concluding at 1:00 am April 28, 2025.

26. To date, not all items have been delivered to the Parkers.

27. Defendant's failure to perform its contractual and statutory obligations under federal transportation law and Pennsylvania consumer statutes resulted in extensive property damage, loss, delay, and distress to Plaintiffs.

28. Plaintiffs' total property damages exceed $17,000.00, and several items remain missing.

29. Plaintiffs made full contractual payment of $12,069.59, plus $5,000.00 in attorneys' fees to date. Additionally, the Plaintiffs lost the $1,000.00 deposit due to the delay in vacating their home. As a result, the total financial loss exceeds $35,000.00.

30. Plaintiffs seek compensatory damages, treble damages, attorneys' fees, and all other relief permitted under the Carmack Amendment (49 U.S.C. § 14706), 49 C.F.R. Part 375, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. ("UTPCPL").

## COUNT I
## BREACH OF CONTRACT

31. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

32. Plaintiffs and Defendant entered into a valid and enforceable agreement for the transport of Plaintiffs' household goods. See **Exhibit A** and Invoice for Services attached hereto as **Exhibit J**.

33. Pursuant to said agreement, Defendant agreed to pick up Plaintiff's goods within an agreed upon time frame, provide timely, professional, and insured moving services, including proper loading, inventorying, transportation, a bill of lading and delivery of Plaintiffs' household goods in exchange for payment of the agreed sum.

34. Plaintiffs fulfilled all contractual obligations, including full payment of the agreed-upon amount.

35. Additionally, the Parkers selected and paid for Full Value Protection (FVP), which mandates the Defendant 1) repair the item 2) replace the item with one of comparable value 3) pay the market value of the item.

36. Due to AVL's failure to adequately care for the Parker's goods, including leaving items out overnight, and leaving items behind in their entirety, substantial goods were damaged, scratched, sun damaged, and missing.

37. Despite electing FVP, the Defendant has refused to repair, replace, or pay the market value of the items.

38. Defendant breached its contractual obligations by, inter alia:

   a. Failing to perform pickup and delivery within the agreed timeframes;
   b. Failing to safeguard Plaintiffs' goods from damage and loss;
   c. Failing to provide required inventories and documentation, including a Bill of Lading;
   d. Delivering property in damaged condition and failing to deliver all contracted-for items; and
   e. Failing to comply with the terms and representations made to Plaintiffs regarding service and insurance coverage.
   f. Faling to comply with the full value coverage and return Plaintiff's to their original condition.

39. As a direct and proximate result of Defendant's breaches, Plaintiffs suffered monetary damages exceeding $35,000.00, including physical property damage, loss of property, delay-related losses, and attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant American Van Lines, Inc. in the amount of $35,000.00, together with costs, interest, and other appropriate relief.

## COUNT II

**VIOLATION OF THE CARMACK AMENDMENT (49 U.S.C. § 14706)**

40. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

41. At all times relevant hereto, Defendant was and is a motor carrier providing transportation of property in interstate commerce within the meaning of the Carmack Amendment, 49 U.S.C. § 14706.

42. Pursuant to the Carmack Amendment, "a carrier providing transportation or service…**shall issue a receipt or bill of lading for property** it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service…are liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1) (emphasis added).

43. No such Bill of Lading was provided to the Parkers.

44. To state a prima facie case for recovery under the Carmack Amendment, a shipper must prove:

   a. delivery of the goods to the carrier in good condition;
   b. receipt of the goods by the consignee in damaged condition or in lesser quantity; and
   c. the amount of damages

45. Plaintiffs tendered their household goods to Defendant in good order and condition at the point of origin in Gilbert, Arizona.

46. Defendant accepted said goods for shipment but failed to deliver them in good condition, failed to deliver all of Plaintiffs' property, and unreasonably delayed transportation and delivery.

47. Upon delivery, Plaintiffs discovered substantial property damage, missing items, and ruined or destroyed goods. The second shipment was again delayed and incomplete, with certain property never delivered at all.

48. Plaintiffs suffered monetary damages exceeding $35,000.00, including physical property damage, loss of property, delay-related losses, and attorneys' fees.

49. Courts have consistently held that delay in delivery is actionable under the Carmack Amendment, as a carrier's duty to transport goods with reasonable dispatch is an integral part of the normal undertaking of the carrier.

50. Defendant is therefore liable to Plaintiffs under 49 U.S.C. § 14706 for the actual loss and damage to their property, as well as for damages caused by unreasonable delay in delivery.

51. Plaintiffs have satisfied all conditions precedent to bringing this action, including submission of a claim to Defendant.

52. As a direct and proximate result of Defendant's acts and omissions, Plaintiffs have suffered actual damages, including but not limited to:

    a. Loss and destruction of personal property;
    b. Costs incurred to replace or repair damaged property;
    c. Economic losses arising from delay in delivery; and
    d. Other consequential damages incidental to Defendant's breach of its statutory duties.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant American Van Lines, Inc. in the amount of $35,000.00, together with costs, interest, and other appropriate relief.

**COUNT III**
**VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION LAW (73 P.S. § 201-1 et seq.)**

53. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

54. At all times relevant hereto, Defendant American Van Lines, Inc. ("AVL") was engaged in trade and commerce within the meaning of the UTPCPL, as it offered and provided household moving and transportation services to Pennsylvania residents, including Plaintiffs.

55. Plaintiffs are "persons" and "consumers" within the meaning of the UTPCPL, 73 P.S. § 201-2(2) and (3), having purchased services primarily for personal, family, or household purposes.

56. Defendant, through its agents, employees, and representatives, made numerous representations and omissions to Plaintiffs in connection with the sale and performance of interstate moving services that were false, misleading, and deceptive, including but not limited to:

  a. Representing that it would provide timely, professional, and fully insured moving services when it failed to do so;
  b. Failing to provide a Bill of Lading and written inventory for the goods transported;
  c. Failing to exercise reasonable care in the handling and transport of Plaintiffs' property;
  d. Misrepresenting and failing to disclose the true condition, handling, and status of Plaintiffs' property during transport and delivery; and
  e. Engaging in unreasonable and repeated delays in pickup and delivery.

57. Defendant's failure to provide proper shipping documentation, its lack of transparency, and its repeated assurances of timely and professional service were material misrepresentations that Plaintiffs reasonably relied upon when contracting for Defendant's services.

58. Defendant's conduct constitutes deceptive and unfair practices under the UTPCPL, including violations of:

    a. 73 P.S. § 201-2(4)(v) — representing that services have characteristics or benefits they do not have;
    b. 73 P.S. § 201-2(4)(ix) — advertising services with intent not to sell them as advertised;
    c. 73 P.S. § 201-2(4)(xxi) — engaging in fraudulent or deceptive conduct that creates a likelihood of confusion or misunderstanding; and

59. Defendant's pattern of conduct—including providing inadequate equipment, withholding critical shipment documentation, delaying performance beyond promised dates, and delivering damaged and missing goods—was knowing, willful, and in reckless disregard of Plaintiffs.

60. As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiffs suffered ascertainable losses, including but not limited to:

    a. Loss, destruction, and damage to household property;
    b. Loss of a $1,000.00 real estate deposit due to Defendant's delays;
    c. Payment for contract and insurance costs for services not rendered as promised;
    d. Additional expenses, distress, inconvenience, and time lost; and,
    e. Attorneys' fees and costs incurred to address Defendant's misconduct.

61. Pursuant to 73 P.S. § 201-9.2(a), Plaintiffs are entitled to recover actual damages, treble damages, reasonable attorneys' fees, costs of suit, and such other relief as the Court deems proper.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant American Van Lines, Inc. in the amount of $35,000.00, together with costs, interest, and other appropriate relief.

**COUNT IV**
**VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS**
**(49 C.F.R. Part 375, et seq.)**

62. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

63. AVL was and is a motor carrier of household goods operating in interstate commerce subject to the jurisdiction and consumer protection regulations of the United States Department of Transportation ("DOT") and the Federal Motor Carrier Safety Administration ("FMCSA").

64. Pursuant to 49 U.S.C. § 14104(a) and 49 C.F.R. Part 375, carriers transporting household goods in interstate commerce are required to comply with strict consumer protection and disclosure requirements, including but not limited to:

   a. Providing the shipper with the FMCSA publication "Your Rights and Responsibilities When You Move" prior to executing any contract or accepting goods for shipment (49 C.F.R. § 375.213);
   b. Providing a written estimate (binding or non-binding) before loading or transporting goods (49 C.F.R. §§ 375.401–375.409);
   c. Preparing and providing a written inventory of all household goods received (49 C.F.R. § 375.503);
   d. Issuing a bill of lading at the time of shipment, identifying the terms of carriage, the shipper, the destination, and the conditions of transport (49 C.F.R. § 375.505); and
   e. Transporting and delivering household goods within a reasonable time and in the same condition as received, consistent with the carrier's duty of care and federal obligations (49 C.F.R. § 375.601).

65. Defendant failed to comply with these mandatory requirements. Specifically, Defendant:
   a. Failed to provide Plaintiffs with the required FMCSA Rights and Responsibilities booklet prior to contracting;
   b. Failed to issue a Bill of Lading at the time of shipment, in violation of 49 C.F.R. § 375.505;
   c. Failed to furnish a written inventory of Plaintiffs' property prior to or during transportation, contrary to 49 C.F.R. § 375.509;
   d. Failed to transport and deliver the goods within a reasonable time and without loss or damage, contrary to 49 C.F.R. § 375.703; and
   e. Failed to maintain truthful, accurate, and transparent communication regarding shipment status, delivery dates, and handling conditions, as required by 49 C.F.R. § 375.605

66. Defendant's acts and omissions constitute multiple violations of 49 C.F.R. Part 375, et seq., which are designed to protect consumers against deceptive, unfair, and unsafe practices by interstate household goods carriers.

67. Defendant's failure to comply with these federal regulatory obligations was knowing, willful, and in reckless disregard of the consumer protection standards established by the FMCSA.

68. Pursuant to 49 U.S.C. §§ 14704(a)(2) and 14104(a), Plaintiffs are entitled to bring a private civil action for damages resulting from Defendant's violations of federal transportation law and implementing regulations, including attorney's fees and costs where appropriate.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant American Van Lines, Inc. in the amount of $35,000.00, together with costs, interest, and other appropriate relief.

        Respectfully submitted,

        JOHNSON, DUFFIE, STEWART & WEIDNER

By:_____
        Rachel L. James, Esquire
        Attorney I.D. No. 335881
        301 Market Street
        P.O. Box 109
        Lemoyne, PA  17043-0109
        (717) 761-4540
        rjames@johnsonduffie.com
        Attorneys for Plaintiff
        Johnathan and Jamie Parker

DATE: December 18, 2025

## **VERIFICATION**

 I, Johnathan Parker, confirm that I am the Plaintiff in this matter and confirm that the facts set forth in the foregoing complaint are true and correct. This verification is made subject to the penalties of 18 PA. C.A.S. § 4904, relating to unsworn falsifications to authorities.

By: *Johnathan Parker*
   Johnathan Parker

Dated: 10/13/2025

**VERIFICATION**

I, Jamie Parker, confirm that I am the Plaintiff in this matter and confirm that the facts set forth in the foregoing complaint are true and correct. This verification is made subject to the penalties of 18 PA. C.A.S. § 4904, relating to unsworn falsifications to authorities.

12.18.2026
Dated:_____

By: *[signature]*
Jamie Parker